IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60305
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIUS DENIS, a/k/a BLACK;
JOHN KENNEDY WILLIAMS, a/k/a
Florida Tony, a/k/a T

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CR-37-02 GG
- - - - - - - - - -
January 20, 1998
Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

Lucius Denis and John Kennedy Williams were convicted of

conspiracy to possess with intent to distribute cocaine and

cocaine base.  Williams was also convicted of two counts of

interstate travel or transportation in aid of racketeering

enterprises.  Denis was convicted of possession with intent to

distribute approximately 15.6 grams of cocaine base.

_____

[*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Denis argues that the evidence was insufficient to support his conviction for conspiracy. For the first time on appeal, he argues that the district court violated Fed. R. Evid. 404(b) by admitting extrinsic-act evidence, and that he was entitled to a four-level decrease in his offense level under U.S.S.G. § 3B1.2(a). Williams also contends for the first time on appeal that the district court erroneously admitted Rule 404(b) evidence. Williams further contends that the court abused its discretion in denying his mistrial motions, that the court erred in increasing his offense level two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, and that the court erred in increasing his offense level under U.S.S.G. § 3B1.1(a) for being a leader of the conspiracy. Our review of the record, the arguments and authorities discloses no reversible error.

The evidence was sufficient for a reasonable jury to find Denis guilty of the conspiracy count beyond a reasonable doubt. See United States v. Cardenas, 9 F.3d 1139, 1157 (5th Cir. 1993). The government offered evidence to show that Denis provided money for the purchase of cocaine and "cooked" the cocaine into crack. Witnesses also testified about Denis's role in the conspiracy.

The district court did not plainly err in admitting evidence concerning a car shooting, evidence of a conversation about a drug "turf war" with a rival gang, and other testimony of the circumstances and extent of the conspiracy. This evidence is

"intrinsic" evidence that does not implicate Rule 404(b). <u>See</u> <u>United States v. Allen</u>, 76 F.3d 1348, 1364 (5th Cir.), <u>cert. denied</u>, 117 S. Ct. 121 (1996); <u>United States v. Royal</u>, 972 F.2d 643, 647 (5th Cir. 1992). The court's refusal to grant Williams's three requests for a mistrial due to the admission of this prejudicial evidence was not an abuse of discretion. <u>United States v. Limones</u>, 8 F.3d 1004, 1007 (5th Cir. 1993).

The court did not plainly err in failing to find that Denis was a minimal participant under § 3B1.2(a). <u>See</u> <u>United States v. Zuniga</u>, 18 F.3d 1254, 1261 (5th Cir. 1994). The evidence reflects that Denis actively participated in the conspiracy. He provided money for the purchase of cocaine and he "cooked" the cocaine into crack. This was not minor or minimal participation.

Finally, the court did not clearly err in finding that Williams possessed a firearm for the purposes of § 2D1.1(b)(1), <u>United States v. Mitchell</u>, 31 F.3d 271, 278 (5th Cir. 1994), or that he was a leader of a conspiracy under § 3B1.1(a). <u>United States v. Puig-Infante</u>, 19 F.3d 929, 944 (5th Cir. 1994). The government offered evidence of the possession and use of firearms during the conspiracy, and witnesses testified that Williams was the leader of the conspiracy.

The judgment is AFFIRMED.